**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

RAY JAMES,

              Plaintiff,

vs.                                       Case No. 3:06-cv-1120-J-34JRK

JACKSONVILLE BULK MAIL CENTER,

              Defendant.
_____/

**REPORT AND RECOMMENDATION**[1]

This cause is before the Court on Defendant's Motion to Dismiss Amended Complaint (Doc. No. 29; "Motion"), filed September 26, 2008.[2] The Motion is opposed. See Plaintiff's Response to Defendant's Motion to Dismiss Amended Complaint (Doc. No. 30; "Response"), filed October 16, 2008. The Motion was referred to the undersigned on December 10, 2008 by the Honorable Marcia Morales Howard, United States District Judge, for the issuance of a report and recommendation. See Order (Doc. No. 33). The issue is whether Plaintiff's claim against the United States should be dismissed for lack of subject matter jurisdiction based on the doctrine of sovereign immunity. As more fully explained herein, the undersigned concludes the United States retains sovereign immunity under the facts alleged and therefore recommends the Motion be granted.

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within ten (10) days after service of this document. Failure to file timely objections may bar a party from a de novo determination by a district judge and from attacking factual allegations on appeal. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

[2] The United States of America filed Defendant's Motion to Dismiss Amended Complaint on behalf of the Jacksonville Bulk Mail Center. See Motion at 1.

## **I. Background**

On December 21, 2006, Plaintiff, proceeding pro se, filed a Complaint (Doc. No. 1) against the Jacksonville Bulk Mail Center ("Postal Service"). In the initial Complaint, Plaintiff, who was incarcerated at the Union Correctional Institution at the time the Complaint was filed, alleged the following. Plaintiff mailed an envelope containing various documents to his home address, and the envelope was received at the Jacksonville Bulk Mail Center for processing. See Compl. at 1-2.[3] Apparently, the envelope came open during processing, and the contents were separated from the envelope. The empty envelope was returned to Plaintiff with a letter explaining the occurrence. Id. at 2. Plaintiff corresponded with Defendant to arrange for the return of the separated contents of the envelope. Id. Defendant indicated it would return the contents of the envelope, but Defendant has failed to do so. Id. Defendant has not responded to Plaintiff's subsequent inquiries. Id. According to Plaintiff, Defendant is in "wrongful possession" of his property. Id.

On June 9, 2008, Defendant moved to dismiss the Complaint. See Defendant's Motion to Dismiss (Doc. No. 22). Plaintiff then filed a Motion for Extension of Time (Doc. No. 24), which was construed as a Motion for Leave to Amend the Complaint and was granted. See Order (Doc. No. 25). In the same Order, Defendant's Motion to Dismiss was denied without prejudice. Id.

On September 11, 2008, Plaintiff filed an Amended Complaint (Doc. No. 28). The Amended Complaint contains substantially the same allegations as the initial Complaint. See

---

[3] Although the Complaint and Amended Complaint do not explicitly say, it appears the envelope was sent by regular, first class mail.

Am. Compl. In the Amended Complaint, Plaintiff clarifies that he is seeking an order compelling the United States Postal Service "to return [the materials] separated [from the envelope] to [Plaintiff]." Id. In addition, Plaintiff insists as follows:

> This complaint is not a tort, and is not governed by the FTCA [(Federal Tort Claims Act)] as it does not claim a "loss, miscarriage, or negligent transmission of letters or postal matter," nor does it seek monetary relief, rather it seeks to compel [Defendant] to return [Plaintiff's] wrongfully held property in their possession, therefore sovereign immunity is not invoked to bar this action.

Id. at 2.

Defendant now moves to dismiss the Amended Complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Rule(s)"), claiming the Court lacks subject matter jurisdiction. See Motion. Defendant advances two arguments in support of the Motion. First, Defendant asserts Plaintiff has not demonstrated the United States has waived sovereign immunity allowing the case to proceed. See id. at 3-4. Second, Defendant argues that because Plaintiff's cause of action is a tort, the Federal Tort Claims Act ("FTCA") governs, which explicitly exempts from its waiver of sovereign immunity "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). See id. at 4-7.

In response, Plaintiff persists in arguing that the FTCA does not govern his lawsuit because his cause of action is not a tort, and that he is not seeking money damages. See Response at 1-2. Additionally, he continues to assert that his claim does not involve the "loss, miscarriage, or negligent transmission of letters or postal matter." See id.

## II. Discussion

As courts of limited jurisdiction, federal courts are required to dismiss an action if subject matter jurisdiction is lacking. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998); Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001); see also Fed. R. Civ. P. 12(b)(1), 12(h)(3). Motions to dismiss for lack of subject matter jurisdiction filed pursuant to Rule 12(b)(1) come in two forms: facial and factual. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003) (citing Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990)). Facial challenges to subject matter jurisdiction are based on the allegations in the complaint, and the Court takes the allegations as true in reviewing a motion to dismiss. Id. Factual challenges to subject matter jurisdiction are based on subject matter jurisdiction in fact, and not based solely on the pleadings. Id. As Defendant's Motion appears to be a facial challenge to subject matter jurisdiction, the factual allegations in Plaintiff's Amended Complaint are taken as true.

The well-established principle of sovereign immunity has been recognized in the United States in some form since the Nation's founding. See generally 33 Wright & Koch, Federal Practice and Procedure: Judicial Review § 8403 (2006). "Sovereign immunity is jurisdictional in nature." FDIC v. Meyer, 510 U.S. 471, 475 (1994); see also United States v. Mitchell, 463 U.S. 206, 212 (1983). "Under settled principles of sovereign immunity, 'the United States is immune from suit, save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" United States v. Dalm, 494 U.S. 596, 608 (1990) (citing United States v. Sherwood, 312 U.S. 584,

586 (1941)). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." Meyer, 510 U.S. at 475.

As Defendant correctly states, see Motion at 4, Plaintiff bears the burden of demonstrating subject matter jurisdiction through an applicable waiver of sovereign immunity. Ishler v. Comm'r Internal Revenue, 237 F. App'x 394, 395 (11th Cir. 2007) (unpublished). Plaintiff has failed to plead an applicable waiver of sovereign immunity in his Amended Complaint and thus has failed to meet his burden. See Am. Compl. Mindful of the liberal standard afforded to pro se pleadings,[4] however, it is appropriate for the Court to ascertain whether Congress intended to waive sovereign immunity in situations like the one presented here. Nevertheless, the Court should not rewrite Plaintiff's Amended Complaint. See Peterson v. Atlanta Hous. Auth., 998 F.2d 904, 912 (11th Cir. 1993).

The starting point for determining whether sovereign immunity has been waived with respect to Plaintiff's claim against the Postal Service is the Postal Reorganization Act, 39 U.S.C. §§ 401-416. The Postal Reorganization Act ("PRA") does waive the sovereign immunity of the Postal Service, see 39 U.S.C. § 401, but it limits this waiver of sovereign immunity with respect to tort actions. See 39 U.S.C. § 409(c); McCollum v. Bolger, 794 F.2d 602, 608 (11th Cir. 1986). Section 409(c) of the PRA states that "[t]he provisions of [the Federal Tort Claims Act] and all other provisions of title 28 relating to tort claims shall apply to tort claims arising out of activities of the Postal Service." 39 U.S.C. § 409(c); see also; Dolan v. U.S. Postal Serv., 546 U.S. 481, 484-85 (2006). Therefore, the Court must first

---

[4] See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

decide whether Plaintiff's Amended Complaint states a tort claim. If the Court finds that it does, the Court must turn its analysis to the Federal Tort Claims Act ("FTCA") to determine whether the tort action is cognizable under the FTCA, or whether it is barred by an exception to the waiver of sovereign immunity.

To determine whether Plaintiff's claim is a tort, it is necessary to ascertain Plaintiff's cause of action from the allegations in Plaintiff's Amended Complaint. See FDIC v. Meyer, 510 U.S. 471, 484 (1994) (indicating that courts must determine "whether the source of substantive law upon which the claimant relies provides an avenue for relief"). According to the allegations in Plaintiff's Amended Complaint, Plaintiff mailed an envelope containing approximately 200 pages of legal and personal documents from the Union Correctional Institution in Raiford, Florida to his home address. See Am. Compl. at 1.[5] Plaintiff alleges the contents of the envelope were separated from the envelope during processing at the Jacksonville Bulk Mail Center in Jacksonville, Florida. See id. at 1-2. Plaintiff asserts the Postal Service is in wrongful possession of the contents of the envelope. See id. at 2.

Federal law does not provide a cause of action for the facts Plaintiff alleges and the relief he requests. See Jones v. Burton, 05-c-527-c, 2005 WL 2840341, at *1 (W.D. Wis. Oct. 27, 2005) (stating that "there is no federal replevin statute through which plaintiff might recover the property he wants returned"). In the absence of a federal statute that provides

---

[5] Although neither the Complaint nor the Amended Complaint specifically states the location from which the envelope was mailed, it appears the envelope was mailed from the Union Correctional Institution because the Complaint indicates that is where Plaintiff resided at the time the Complaint was originally filed. See Complaint at 1.

the relief Plaintiff seeks, Plaintiff's right to relief, if he has any, can only be found under State law.[6]

Plaintiff alleges the wrongful act occurred at the Jacksonville, Florida Bulk Mail Center. See Am. Compl. at 1-2. Florida law applies. Under Florida law, a statutory action for replevin allows an individual to seek the recovery of personal property that has been wrongfully detained by another. See Fla. Stat. § 78.01; Bringley v. C.I.T. Corp., 160 So. 680, 682 (Fla. 1935). Here, Plaintiff requests that the Court compel the return of his property, and therefore he asserts an action in replevin. See Am. Compl at 2; Response at 2; Rea v. Compactor-Baler Serv., Inc., 627 So.2d 488, 489 (Fla. 2d DCA 1993) (stating that an application for an injunction commanding the return of personal property asserts an action in replevin).

Replevin is very similar to an action for conversion, which is unquestionably a tort. See Furmanite America, Inc. v. T.D. Williamson, Inc., 506 F. Supp. 2d 1134, 1143 (M.D. Fla. 2007) (stating that under Florida law, "conversion is an intentional tort consisting of an unauthorized act which deprives another of his property, permanently or for an indefinite time"). Both replevin and conversion relate to a wrongful or unauthorized act which deprives a person of possession of property in which that person has an interest. Id.; Williams Mgmt. Enters., Inc. v. Buonauro, 489 So. 2d 160, 161 n.1 (Fla. 5th DCA 1986). At least one Florida appellate court has stated that replevin is a tort. See Williams, 489 So.2d at 164 n.8

---

[6] Plaintiff argues that "this is a Federal Complaint not a State Tort complaint, therefore State Law would have no bearing." Response at 2. If Plaintiff is correct that it would be a "misapplication of law" to apply Florida law in these circumstances, then he would be left without a cause of action. "[T]he 'sue and be sued' provision of the PRA does not create a cause of action against the USPS." MB Fin. Group, Inc. v. U.S. Postal Serv., 545 F.3d 814, 819 (9th Cir. 2008).

-7-

(characterizing replevin as "a tort or ex delicto cause of action . . .") (dicta).[7] Thus, an action for replevin sounds in tort, the restitutionary nature of the remedy notwithstanding. See also Mac'Avoy v. Smithsonian Inst., 757 F. Supp. 60, 67 (D.D.C. 1991) (holding that replevin is a tort). Because Plaintiff's action sounds in tort, it is clear the FTCA applies. See 39 U.S.C. § 409(c); see also McCollum v. Bolger, 794 F.2d 602, 608 (11th Cir. 1986); Davric Maine Corp. v. U.S. Postal Serv., 238 F.3d 58, 62 (1st Cir. 2001) (stating that § 409(c) compels application of the FTCA "[f]or state tort clams arising out of the activity of the Postal Service").

In analyzing Defendant's Motion within the context of the FTCA, the Court must next decide whether this action is a "claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b) ("Postal Matter Exception").[8] The Postal Matter Exception is designed to "preserve [sovereign] immunity for 'injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address.'" Levasseur v. U.S. Postal Serv., 543 F.3d 23, 24 (1st Cir. 2008) (quoting Dolan, 546 U.S. at 489). Courts have held "loss" means destroyed, misplaced, or "los[t] from the postal system." See Dolan, 546 U.S. at 487;

---

[7] "Absent a decision by the highest state court or persuasive indication that it would decide the issue differently, federal courts follow decisions of intermediate appellate courts in applying state law." Galindo v. ARI Mut. Ins. Co., 203 F.3d 771, 775 (11th Cir. 2000).

[8] Items and materials become "postal matter" once they are mailed. Georgacarakos v. United States, 420 F.3d 1185, 1186 (10th Cir. 2005).

Birnbaum v. United States, 588 F.2d 319, 328 n.20 (2d Cir. 1978).[9]  The "loss" of postal matter even includes situations in which postal matter is stolen by a federal employee.  See Levasseur, 543 F.3d at 24.

Here, Plaintiff alleges that documents he sent in an envelope were separated from the envelope during processing, and he received the envelope back but not the documents contained therein.  See Am. Compl.  Although Plaintiff contends he has not claimed a "loss" of postal matter, id., he clearly alleges the nondelivery of postal matter.  Cf. Dolan, 546 U.S. at 489 (injuries covered by Postal Matter Exception include "personal or financial harms arising from nondelivery or late delivery of sensitive materials or information (*e.g.,* medicines or a mortgage foreclosure notice) . . . .") (emphasis added); Levasseur, 543 F.3d at 24 (claim for injury due to nondelivery of sensitive materials fit into category described by Dolan); Georgacarakos v. United States, 420 F.3d 1185 (10th Cir. 2005) (lawsuit by a federal prisoner whose box of postal matter came apart, resulting in loss of books and manuscripts, fell within the Postal Matter Exception).  According to Plaintiff's allegations, the postal matter never arrived at its destination.  See Am. Compl.  Therefore, despite Plaintiff's insistence to the contrary, his claim falls within the Postal Matter Exception.  Given the above findings, Plaintiff's lawsuit is outside the United States' waiver of sovereign immunity.  Consequently, this Court does not have subject matter jurisdiction.

---

[9] In Birnbaum, the United States Court of Appeals for the Second Circuit held that the Postal Matter Exception did not apply when the CIA covertly opened and examined letters and then subsequently delivered those letters to their intended destinations.  Birnbaum, 588 F.2d at 328.  Birnbaum is distinguishable because the Second Circuit made clear that such letters are not deemed "lost."  Id.

Plaintiff's position that the FTCA does not apply because he does not seek money damages is also incorrect. See Am. Compl. To the contrary, § 409(c) of the PRA applies to all tort claims against the Postal Service, not just those seeking money damages. See 39 U.S.C. § 409(c); McCollum, 794 F.2d at 608. Since § 409(c) applies to all tort claims, any tort claim against the Postal Service must be analyzed under the FTCA. See McCollum, 794 F.2d at 608. Under the jurisdictional provision of the FTCA, 28 U.S.C. § 1346(b), a tort claim against the United States must seek money damages to be cognizable. See id.; cf. Peterson v. Kreidich, Case No. 03-23147, 2004 WL 1587952, *2 (S.D. Fla. May 27, 2004) (stating that "the FTCA does not allow suits for equitable relief"); Moon v. Takisaki, 501 F.2d 389, 390 (9th Cir. 1974) (stating that "[t]he [FTCA] makes the United States liable in money damages for the torts of its agents under specified conditions, but the Act does not submit the United States to injunctive relief"); Smith v. Potter, 187 F. Supp. 2d 93, 98 (S.D.N.Y. 2001) (stating that "Congress has not waived the government's sovereign immunity for tort claims . . . that seek injunctive relief against the USPS").

The Court recognizes that in FDIC v. Meyer, 510 U.S. 471 (1994), the Supreme Court determined that a constitutional tort claim, which was not cognizable under § 1346(b), could be brought against the Federal Savings and Loan Insurance Corporation (FSLIC)[10] pursuant to its sue-and-be-sued clause. See Meyer, 510 U.S. at 477-78, 480-83. The Court's reasoning was based on language in the FTCA providing that "[t]he authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and

---

[10] The FSLIC was the statutory predecessor of the Federal Deposit Insurance Corporation (FDIC).

the remedies provided by this title shall be exclusive." 28 U.S.C. § 2679(a); see Meyer, 510 U.S. at 476 (explaining that, "if a suit is 'cognizable' under § 1346(b) of the FTCA, the FTCA remedy is 'exclusive' and the federal agency cannot be sued 'in its own name,' despite the existence of a sue-and-be-sued clause"). Since the constitutional tort against the FSLIC was not cognizable under § 1346(b), the Court held that the FTCA did not apply. Meyer, 510 U.S. at 477.

Unlike the statutory scheme that created the FSLIC, which predated the FTCA, the PRA explicitly provides that the FTCA "shall apply to tort claims arising out of the activities of the Postal Service." 28 U.S.C. § 409(c). Therefore, the applicability of the FTCA to tort claims against the Postal Service does not depend on § 2679(a), as was the case in Meyer. For tort claims against the Postal Service, there is an independent basis for applying the FTCA–§ 409(c). As the United States Court of Appeals for the Eleventh Circuit observed in McCollum, "[s]ection 409(c) applies the Federal Tort Claims Act (FTCA) to the Postal Service. Any tort claim against the USPS must be cognizable under the FTCA." McCollum, 794 F.2d at 608. Thus, the FTCA applies to all tort claims against the Postal Service, and if such a claim is not cognizable under § 1346(b) of the FTCA, then subject matter jurisdiction is simply lacking.

At least one circuit court has suggested the Eleventh Circuit's decision in McCollum would not be the same after Meyer. See Fed. Express Corp. v. U.S. Postal Serv., 151 F.3d 536, 541-44 (6th Cir. 1998); see also United States v. Q Int'l Courier, Inc., 131 F.3d 770, 775 (8th Cir. 1997). However, the Fourth Circuit, which followed the holding in Q Int'l Courier, conceded that "Meyer does not flatly dictate" the conclusion that the sue-and-be-sued clause

of the PRA waives sovereign immunity for claims that are not cognizable under the FTCA. Global Mail Ltd. v. U.S. Postal Serv.,131 F.3d 770 131 F.3d 770, 142 F.3d 208, 213 (4th Cir. 1998). Meyer did not involve a statutory provision similar to § 409(c) of the PRA, as McCollum did, and Meyer did not address whether § 409(c) limits the scope of the waiver of sovereign immunity in the PRA's sue-and-be-sued clause, § 401(1). Compare Meyer, 510 U.S. at 476 with McCollum, 794 F.2d at 608. Therefore, Meyer did not overrule McCollum, and in the absence of such an overruling, this Court is bound to follow McCollum as Eleventh Circuit precedent.

Furthermore, while the United States has consented to be sued in tort for money damages under the conditions set forth in the FTCA, "[i]t is a far different matter to permit a court to exercise its compulsive powers to restrain the Government from acting, or to compel it to act." Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 703-04 (1949) (superseded in part by 5 U.S.C. § 702). The "strongest reasons of public policy" caution against allowing a plaintiff to seek specific relief against the United States. Id. "The interference of the Courts with the performance of the ordinary duties of the executive departments of the government, would be productive of nothing but mischief." Id.; see also Meyer, 510 U.S. at 480 (stating that an implied restriction on the general authority to sue and be sued may be appropriate when "necessary to avoid grave interference with the performance of a governmental function") (citation omitted). Plaintiff's insistence that he does not seek money damages serves only to illustrate further that Plaintiff's claim is outside the United States' waiver of sovereign immunity, and that the Court is without jurisdiction.

## III. Conclusion

Plaintiff has not carried his burden of showing an applicable waiver of sovereign immunity. Moreover, after construing the pro se Plaintiff's Amended Complaint liberally and considering whether there are any waivers of sovereign immunity that might apply in the circumstances presented here, there appear to be none. Plaintiff pleads a replevin cause of action that is a tort claim against the United States governed by section 409(c) of the Postal Reorganization Act and the provisions of the Federal Tort Claims Act. See 39 U.S.C. § 409(c); 28 U.S.C. §§ 1346(b), 2671-2680; see also Dolan v. U.S. Postal Serv., 546 U.S. 481, 484-85 (2006); McCollum v. Bolger, 794 F.2d 602, 608 (11th Cir. 1986). Plaintiff's allegations fall within the Postal Matter Exception of the FTCA. See 28 U.S.C. § 2680(b). Furthermore, because Plaintiff's replevin cause of action seeks a remedy which is restitutionary or injunctive in nature, rather than money damages, it is not cognizable under the FTCA, and the Court lacks jurisdiction. See 28 U.S.C. § 1346(b); see also McCollum, 794 F.2d at 608; cf. FDIC v. Meyer, 510 U.S. 471, 476-77 (1994). Plaintiff has not identified and the undersigned is unaware of any other applicable waiver of sovereign immunity. For the reasons explained herein, the United States has not consented to be sued under the circumstances presented, and therefore the action should be dismissed for lack of subject matter jurisdiction.

Accordingly, it is

**RECOMMENDED**:

1. That Defendant's Motion to Dismiss Amended Complaint (Doc. No. 29) be **GRANTED**.

2. That this case be **DISMISSED for lack of subject matter jurisdiction**.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on May 22, 2009.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

jdf

Copies to:

Honorable Marcia Morales Howard,
United States District Judge

Counsel of Record

Pro Se Parties